**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

IRIS N. PEREZ,

Plaintiff,

-against-

DOLGEN CORP. OF NEW YORK INC., DOLGEN CORP. LLC, DOLLAR GENERAL STORE #19027, DOLLAR GENERAL CORPORATION and DOLGEN NEW YORK, LLC,

Defendants.

-----------------------------------------------------------------------X

Bronx County
Supreme Court Index No: 801137/2022E

**NOTICE OF REMOVAL**

Civil Case No.:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants, DOLGEN CORP. OF NEW YORK INC., DOLGEN CORP. LLC, DOLLAR GENERAL STORE #19027, DOLLAR GENERAL CORPORATION and DOLGEN NEW YORK, LLC, (hereinafter "defendants") by and through their attorneys Smith Sovik Kendrick & Sugnet, P.C., hereby give notice of the removal of this matter from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York. In support of this notice, defendants state:

## NATURE OF THE ACTION

1. On or about January 24, 2022, plaintiff, IRIS N. PEREZ ("plaintiff"), commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York in Bronx County, captioned *Iris N. Perez v. Dolgen Corp. of*

*New York, Inc., Dolgen Corp. LLC, Dollar General Store # 19027, and Dollar General Corporation,* index number 801137/2022E (N.Y. Sup. Ct. January 24, 2022). A true and correct copy of the Summons and Complaint is attached as **Exhibit A.**

2. On or about February 24, 2022, plaintiff filed a Supplemental Summons and Amended Complaint in the Supreme Court of the State of New York in Bronx County, captioned *Iris N. Perez v. Dolgen Corp. of New York, Inc., Dolgen Corp. LLC, Dollar General Store # 19027, Dollar General Corporation, and Dolgen New York, LLC*, index number 801137/2022E (N.Y. Sup. Ct. February 24, 2022). A true and correct copy of the Supplemental Summons and Amended Complaint is attached as **Exhibit B.**

3. The undersigned agreed to accept service of the Supplemental Summons and Amended Complaint on behalf of the defendants, which was served via electronic mail and electronic filing on February 24, 2022.

4. This case involves a premises liability action against defendants based on an alleged incident involving the plaintiff that occurred on or about May 6, 2021, at the premises known as 2500 White Plains Road, Bronx, NY. (*See* Ex. B, at ¶¶ 57-63).

5. In her Amended Complaint, plaintiff asserts a cause of action for common-law negligence against all defendants. (*See* Ex. B, at ¶¶ 57-63).

6. Defendants interposed their Answer to the Amended Complaint on March 25, 2022. (**Exhibit C**).

7. The Complaint and Amended Complaint did not specify plaintiff's

alleged injuries, or the amount of damages sought by plaintiff. Accordingly, defendants were unable to ascertain the amount of alleged damages allegedly in controversy on the face of the Complaint and the Amended Complaint.

8. On April 25, 2022, via NYSCEF electronic filing, plaintiff served a Verified Bill of Particulars (**Exhibit D**), wherein plaintiff alleged injuries to her left knee, left shoulder, cervical spine, lumbar spine, left ankle, left ribs, as well as headaches and a number of additional activities that plaintiff is allegedly unable to do following this incident. (*See* Ex. D, at ¶¶ 6-7).

9. Plaintiff further alleges lost wages in the amount of $1,284.00 and damages for physicians services in an amount of not less than $49,347.80. (*See* Ex. D, at ¶¶ 9-10).

10. From receipt of the Verified Bill of Particulars, defendants reasonably believe the amount in controversy is more than $75,000.

**THIS COURT HAS DIVERSITY JURISDICTION.**

11. Defendants are entitled to remove this action under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district embracing the place where such action is pending."

12. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which states that a "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000

exclusive or interests and costs and is between – (i) citizens of different states."

13. This action concerns a dispute between citizens of different states. Indeed, complete diversity existed among the parties at the time the Complaint and Amended Complaint were filed, as well as at the time the Verified Bill of Particulars was filed, and continues to exist at the time this Notice of Removal is filed.

14. According to the Complaint and Amended Complaint, plaintiff is a resident of the County of Bronx, State of New York. (*See* Ex. A, at ¶ 1; Ex. B, at ¶ 1).

15. According to HIPAA authorizations provided by plaintiff, which were signed and notarized, plaintiff resides in Danbury Connecticut. (**Exhibit E**).

16. Defendants are not citizens of New York or Connecticut. For purposes of diversity jurisdiction, a corporation has the citizenship of its place of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters"); *Steuben Foods, Inc. v. International Dispensing Corp.,* 2010 WL 2925954 (W.D.N.Y. 2010) ("a corporation is deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business").

17. Defendant DOLGEN NEW YORK, LLC, is a foreign limited liability company, incorporated under the laws of the State of Kentucky, with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. (Ex. C., at ¶ 4; *see also*, **Exhibit F**; **Exhibit J**). Accordingly, defendant DOLGEN NEW YORK, LLC, has

citizenship in Kentucky and Tennessee, not New York.

18. DOLGEN NEW YORK, LLC, is a single-member LLC. Its sole member is non-party Dolgencorp of Texas, Inc., which is a corporation incorporated under the laws of the State of Kentucky, with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. Accordingly, Dolgencorp of Texas, Inc., has citizenship in Kentucky and Tennessee, not New York. (Ex. J).

19. Defendant DOLGEN CORP. OF NEW YORK INC., is not an active corporation. (Exhibit F). According to the New York Secretary of State, DOLGEN CORP. OF NEW YORK INC. was dissolved as of May 8, 2019. In any event, even when DOLGEN CORP. OF NEW YORK INC. was an active corporation, it was a foreign corporation incorporated under the laws of the State of Kentucky, with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. (Ex. F; Ex. C., at ¶ 20). Accordingly, when it was an active corporation, DOLGEN CORP. OF NEW YORK INC., had citizenship in Kentucky and Tennessee, not New York.

20. Defendant DOLGEN CORP. LLC, is not an entity authorized to do business in New York State. (Ex. F; Ex. C., at ¶ 20). DOLGENCORP, LLC, is a Kentucky-based LLC, incorporated under the laws of the State of Kentucky, and with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. (**Exhibit I**). DOLGENCORP, LLC, has two managers, Steven R. Deckard and Emily C. Taylor, both of whom maintain a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. (Ex. I).

21. There is no legal entity called DOLLAR GENERAL STORE #19027, and

this alleged entity is not a proper party to this case.

22. Defendant DOLLAR GENERAL CORPORATION is an inactive foreign corporation that, according to the New York Secretary of State, has been inactive since July 16, 1993. Moreover, when DOLLAR GENERAL CORPORATION, was an active corporation, it was a foreign corporation incorporated under the laws of the State of Kentucky. (**Exhibit F;** Ex. C., at ¶ 20). Accordingly, when it was an active corporation, DOLLAR GENERAL CORPORATION had citizenship in Kentucky.

23. There is another DOLLAR GENERAL CORPORATION, which is incorporated under the laws of the State of Tennessee, with a principal place of business at 100 Mission Ridge, Goodlettsville, TN, 37072. (**Exhibit H**). Accordingly, DOLLAR GENERAL CORPORATION has citizenship in Tennessee, not New York.

24. Even if the citizenship of the non-active and improperly named defendants were considered, all defendants which were, at least at one time, active entities were incorporated under the laws of the State of Kentucky or Tennessee, and each entity maintained a principal place of business in Tennessee. Accordingly, there is complete diversity of citizenship between the plaintiff and the defendants in this case.

25. Plaintiff's claim that defendants do business in New York is not controlling in a diversity jurisdiction analysis and does not defeat diversity jurisdiction. *See, e.g.*, *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (merely pleading that a corporation has an office in New York is "clearly insufficient" to establish citizenship in the state); *Utopia Studios Ltd. v.*

*Earth Tech., Inc.*, 607 F. Supp. 2d 443, 445 (E.D.N.Y. 2009) ("the fact that the parties' business dealings were all conducted in New York does not go to the salient question of where the company's [principal place of business is located]" for purposes of diversity jurisdiction); *Columbia Gas Transmission Corp. v. Bishop*, 809 F. Supp. 220 (W.D.N.Y. 1992) (citing *Wear-Ever Aluminum, Inc. v. Sipos*, 184 F. Supp. 364 (S.D.N.Y. 1960) (*holding* the fact that a corporation does business in a state has no effect on its citizenship for purposes of diversity).

26. Moreover, based on the plaintiff's Verified Bill of Particulars (Ex. D), defendants reasonably believe the amount of alleged damages in controversy exceeds $75,000. When determining the amount in controversy, the general rule is to determine the amount in controversy from the complaint itself, unless the plaintiff fails to specify a particular amount of monetary damages. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000) ("To determine whether that burden has been met, we look first to the plaintiffs' complaint."); *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957) ("Removability is determined by the allegations of the complaint if it sets up the amount in controversy.").

27. Here, neither the Complaint nor the Amended Complaint specified the amount in controversy or the amount of alleged damages sought by plaintiff. Moreover, the Complaint and the Amended Complaint did not specify the alleged injuries allegedly sustained by the plaintiff to permit defendants to reasonably ascertain the amount in controversy and whether it exceeded $75,000.

28. 28 U.S.C.A. § 1446 (b)(3) states, in relevant part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable. (**emphasis added**).

29. In this case, plaintiff's Verified Bill of Particulars (Ex. D) constitutes the "other paper" from which defendants could first ascertain that the present matter is removable to the Southern District of New York based on the alleged amount in controversy. *See e.g., Ramirez v. Oscar De La Renta, LLC,* No. 16-CV-7855 (RA), 2017 WL 2062960, at *2 (S.D.N.Y. May 12, 2017) ("Section 1446(b)(3) provides that, '[i]f the case stated by the initial pleading is not removable,' the defendant may file a notice of removal within 30 days of receiving 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'")(*quoting* 28 U.S.C.A. § 1446(b)(3); *citing Cutrone* v. *Mortg. Elec. Registration Sys., Inc.,* 749 F.3d 137 (2d Cir. 2014)).

30. Here, although plaintiff's Verified Bill of Particulars does not specify an amount sought, based on the injuries and resulting treatment alleged, as well as the claimed damages for lost wages and physician's expenses, defendants can reasonably ascertain that plaintiff's alleged damages amount to more than $75,000.

31. Because the grounds for removal under diversity jurisdiction are met, it is proper for this Court to accept and retain jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and removal of this action is thus proper pursuant to 28 U.S.C. § 1441.

**DEFENDANTS SATISFIED ALL PROCEDURAL REQUISITES FOR REMOVAL**

32. Venue is proper in this Court because it is part of the "district and division embracing the place where" this action was filed—Bronx County, New York. 28 U.S.C. § 1446(a).

33. Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period to remove an action begins to run from the date of formal service). Plaintiff filed and served her Verified Bill of Particulars on April 25, 2022 through the NYSCEF electronic filing system, and the Verified Bill of Particulars was received by the undersigned on April 25, 2022. (*See* Ex. D). This Notice of Removal was filed on May 25, 2022, within thirty days of service of plaintiff's Verified Bill of Particulars.

34. In accordance with 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure, Defendants will promptly: (a) file a true and correct copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York for Bronx County; (b) serve a true and correct copy of this Notice of Removal on all adverse parties; and (c) file with this Court a Certificate of Service and Notice to Adverse Parties of Removal to Federal Court.

35. In accordance with 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached as **Exhibit A**, plaintiff's Supplemental Summons and Amended Complaint are attached as **Exhibit B**, and plaintiff's Verified Bill of Particulars is attached as **Exhibit D**. No other pleadings and/or orders have been served upon defendants.

36. Defendants reserve the right to submit additional evidence and argument as needed to supplement and support this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

37. By filing this Notice of Removal, defendants do not waive any defense, counterclaim, argument, or principle of equity which may be available to them.

38. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the undersigned certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants, DOLGEN CORP. OF NEW YORK INC., DOLGEN CORP. LLC, DOLLAR GENERAL STORE #19027, DOLLAR GENERAL CORPORATION and DOLGEN NEW YORK, LLC, respectfully remove to this Court the action docketed under Index Number 801137/2022E in the Supreme Court of the State of New York for Bronx County.

Dated: White Plains, New York
May 25, 2022

Respectfully submitted,

SMITH SOVIK KENDRICK & SUGNET, P.C.

By:______________________________________
John D. Goldman, Esq.
Attorneys for Defendants
DOLGEN CORP. OF NEW YORK INC., DOLGEN CORP. LLC, DOLLAR GENERAL STORE #19027, DOLLAR GENERAL CORPORATION and DOLGEN NEW YORK, LLC
333 Westchester Avenue, Suite LN01
White Plains, New York 10604
(800) 675-0011
Email: jgoldman@smithsovik.com

TO: Robert Yadgarov, Esq.
YADGAROV & ASSOCIATES, PLLC
Attorneys for Plaintiff
820 Second Avenue – Suite 110
New York, New York 10017
(212) 581-2500
File No: 21-4286
Email: Robert@yadlaw.com