# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
IRIS N. PEREZ,

                                    Plaintiff,

       -against-

DOLGEN CORP. OF NEW YORK INC.
DOLGEN CORP. LLC., DOLLAR GENERAL
STORE #19207 and DOLLAR GENERAL
CORPORATION,

                                   Defendants.
------------------------------------------------------------------X

Index No.:
Date Purchased: 01/24/2022

## SUMMONS

Plaintiff designates **BRONX**
County as the place of trial.

The basis of venue is:
**SITE OF OCCURRENCE**

County of **BRONX**

**To the above named Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       January 24, 2022

                                        YADGAROV & ASSOCIATES, PLLC

                                        ROBERT YADGAROV, ESQ.
                                        Attorneys for Plaintiff
                                        **IRIS N. PEREZ**
                                        820 Second Avenue-Suite 1100
                                        New York, New York  10017
                                        (212) 581-2500
                                        Our File: 21-4286

TO:

**DOLGEN CORP. OF NEW YORK INC.**
100 Mission Ridge
Goodlettsville, TN  37072-2171

**DOLGEN CORP. LLC.**
100 Mission Ridge
Goodlettsville, TN  37072-2171

**DOLLAR GENERAL STORE #19207**
2500 White Plains Road
Bronx, NY  10467

**DOLLAR GENERAL CORPORATION**
100 Mission Ridge
Goodlettsville, TN  37072-2171

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
IRIS N. PEREZ,

         Plaintiff,

-against-

DOLGEN CORP. OF NEW YORK INC.
DOLGEN CORP. LLC., DOLLAR GENERAL
STORE #19207 and DOLLAR GENERAL
CORPORATION,

         Defendants.
-----------------------------------------------------------------------X

Index No.:
Date Purchased: 01/19/2022

**VERIFIED COMPLAINT**

  Plaintiff, by her attorneys, **YADGAROV & ASSOCIATES, PLLC**, complaining of the Defendant, respectfully alleges, upon information and belief:

  1. That at all times hereinafter mentioned, the Plaintiff **IRIS N. PEREZ** was, and still is a resident of the County of Bronx, State of New York.

  2. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. OF NEW YORK INC.,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

  3. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. OF NEW YORK INC.,** was and still is a foreign corporation duly authorized to do business within the State of New York.

  4. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. OF NEW YORK INC.,** was and still is a business entity doing business within the State of New York.

5. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. LLC.,** was and still is a domestic limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. LLC.,** was and still is a foreign limited liability corporation duly authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, the Defendant **DOLGEN CORP. LLC.,** was and still is a business entity doing business within the State of New York.

8. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207** was and still is a foreign corporation duly authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207** was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** was and still is a foreign corporation duly authorized to do business within the State of New York.

13. That at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** was and still is a business entity doing business within the State of New York.

14. That on May 6, 2021, and at all times herein mentioned, Defendant **DOLGEN CORP. OF NEW YORK INC.** owned the premises and appurtenances and fixtures thereto located at 2500 White Plains Road, Bronx, New York.

15. That on May 6, 2021, and at all times herein mentioned, Defendant **DOLGEN CORP. LLC.,** owned the premises and appurtenances and fixtures thereto located at 2500 White Plains Road, Bronx, New York.

16. That on May 6, 2021, and at all times herein mentioned, Defendant **DOLLAR GENERAL STORE #19207** owned the premises and appurtenances and fixtures thereto located at 2500 White Plains Road, Bronx, New York.

17. That on May 6, 2021, and at all times herein mentioned, Defendant **DOLLAR GENERAL CORPORATION** owned the premises and appurtenances and fixtures thereto located at 2500 White Plains Road, Bronx, New York.

18. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP. OF NEW YORK INC.** their agents, servants, employees and/or licensees, operated the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York, including but not limited to the floor area by registers #2 and #3 of the aforementioned store.

19. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP. LLC.,** their agents, servants, employees and/or licensees, operated the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York, including but not limited to the floor area by registers #2 and #3 of the aforementioned store.

20. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207** their agents, servants, employees and/or licensees, operated the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, NY 10467, including but not limited to the floor area by registers #2 and #3 of the aforementioned store.

21. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, operated the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, NY 10467, including but not limited to the floor area by registers #2 and #3 of the aforementioned store.

22. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP OF NEW YORK INC.,** their agents, servants, employees and/or licensees, managed the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

23. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP LLC.,** their agents, servants, employees and/or licensees, managed the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

24. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207,** their agents, servants, employees and/or licensees, managed the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

25. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, managed the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

26. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP OF NEW YORK INC.,** their agents, servants, employees and/or licensees, maintained the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

27. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP. LLC.,** their agents, servants, employees and/or licensees, maintained the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

28. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL #19207,** their agents, servants, employees and/or licensees, maintained the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

29. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, maintained the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

30. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP OF NEW YORK INC.,** their agents, servants, employees and/or licensees, controlled the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

31. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLGEN CORP LLC.,** their agents, servants, employees and/or licensees, controlled the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York

32. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL STORE #19207,** their agents, servants, employees and/or licensees, controlled the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

33. That on May 6, 2021, and that at all times hereinafter mentioned, the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, controlled the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures thereto, located at 2500 White Plains Road, Bronx, New York.

34. That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLGEN CORP OF NEW YORK INC.,** their agents, servants, employees and/or licensees, to maintain the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures of the premises more particularly, the floor area by registers #2 and #3 in the aforementioned premises located at 2500 White Plains Road, Bronx, New York, in a reasonably safe condition.

35. That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLGEN CORP LLC.,** their agents, servants, employees and/or licensees, to maintain the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures of the premises more particularly, the floor area by registers #2 and #3 in the aforementioned

36. That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLLAR GENERAL #19207,** their agents, servants, employees and/or licensees, to maintain the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures of the premises more particularly, the floor area by registers #2 and #3 in the aforementioned premises located at 2500 White Plains Road, Bronx, New York, in a reasonably safe condition.

37. That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, to maintain the premises known as *"DOLLAR GENERAL STORE"* and appurtenances and fixtures of the premises more particularly, the floor area by registers #2 and #3 in the aforementioned premises located at 2500 White Plains Road, Bronx, New York, in a reasonably safe condition.

38.     That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLGEN CORP OF NEW YORK INC.,** their agents, servants, employees and/or licensees, to provide a reasonable safe walkway to Plaintiff **IRIS N. PEREZ.**

39.     That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLGEN CORP LLC.,** their agents, servants, employees and/or licensees, to provide a reasonable safe walkway to Plaintiff **IRIS N. PEREZ.**

40.     That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLLAR GENERAL #19207,** their agents, servants, employees and/or licensees, to provide a reasonable safe walkway to Plaintiff **IRIS N. PEREZ.**

41.     That on May 6, 2021, and that at all times hereinafter mentioned, it was the duty of the Defendant **DOLLAR GENERAL CORPORATION** their agents, servants, employees and/or licensees, to provide a reasonable safe walkway to Plaintiff **IRIS N. PEREZ.**

42.     On May 6, 2021, Plaintiff **IRIS N. PEREZ** was lawfully on the aforesaid premises.

43.     That on May 6, 2021, Plaintiff **IRIS N. PEREZ** was lawfully on the aforesaid premises with the knowledge, permission and consent of the Defendant **DOLGEN CORP OF NEW YORK INC.**

44.     That on May 6, 2021, Plaintiff **IRIS N. PEREZ** was lawfully on the aforesaid premises with the knowledge, permission and consent of the Defendant **DOLGEN CORP. LLC.**

45. That on May 6, 2021, Plaintiff **IRIS N. PEREZ** was lawfully on the aforesaid premises with the knowledge, permission and consent of the Defendant **DOLLAR GENERAL #19207.**

46. That on May 6, 2021, Plaintiff **IRIS N. PEREZ** was lawfully on the aforesaid premises with the knowledge, permission and consent of the Defendant **DOLLAR GENERAL CORPORATION.**

47. That on May 6, 2021, while Plaintiff **IRIS N. PEREZ** was lawfully at the aforesaid location, Plaintiff **IRIS N. PEREZ** was caused to slip and/or trip and fall and sustain severe and permanent injuries.

48. The above mentioned occurrence, and the results thereof, were caused by the joint, several and concurrent negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises.

49. The above mentioned occurrence, and the results thereof, were caused wholly and solely by the negligence of the Defendants, their agents, servants, licensees contractors, subcontractors, employees and other affiliates agencies and departments, and those acting under its direction, behest, permission and control were negligent in failing to properly maintain said premises located at 2500 White Plains Road, Bronx, New York more particularly, the floor area surrounding registers #2 and #3 in the store; in allowing said area of the floor at the premises, more particularly the floor area surrounding registers #2 and #3 to remain in a dangerous condition; in allowing that portion of the floor surrounding registers #2 and #3 to remain in such a state of disrepair and/or maintenance for such a long and unreasonable length of time so as to cause injuries to the plaintiff; in failing to properly inspect and maintain said area; in failing to

inspect for any shopping baskets on the floor surrounding register #3; said floor area was hazardous and dangerous and constituted a hazard in that it was unsafe for patrons of the store to traverse to the register areas; the area surrounding registers #2 and #3 was not properly cleaned; in failing to inspect said premises, and floor near registers #2 and #3; in causing, permitting and allowing a trap, hazard and nuisance to be and exist for an excessive and unreasonable period of time, despite actual and constructive notice; in failing to take any necessary steps to alleviate said condition; in failing to properly maintain said premises before authorizing its use; in failing to instruct and/or properly train employees to maintain the floor clear of any shopping baskets and/or debris surrounding the respective registers in the store; in failing to erect barricades, or otherwise restrict use of aforesaid area to prevent a hazard, trap and nuisance from endangering the general public and, more particularly the plaintiff herein; in permitting and allowing the aforesaid condition to exist on the floor near registers #2 and #3, thereat; in failing to apply and/or follow proper rules, regulations, statutes pertaining to the premises, the floor area near register #3; in failing to avoid the aforesaid accident which was foreseeable; and in being otherwise negligent, careless, reckless and grossly negligent in the ownership, operation, maintenance and/or supervision of the premises.

50. Both actual and constructive notices are claimed. Actual notice in that the defendants, its agents, servant and/or employees created and/or had actual notice in that knowledge of the complaint of condition existed for a long unreasonable period of time under the circumstances.

51. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

52. That because of the above stated premises, Plaintiff **IRIS N. PEREZ** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

53. That by reason of the foregoing, Plaintiff **IRIS N. PEREZ** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demand judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
January 24, 2022

Yours, etc.

_____
ROBERT YADGAROV, ESQ.
**YADGAROV & ASSOCIATES, PLLC**
Attorneys for Plaintiff
**IRIS N. PEREZ**
820 Second Avenue-Suite 1100
New York, New York 10017
(212) 581-2500
Our File: 21-4286

## ATTORNEY'S VERIFICATION

ROBERT YADGAROV, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at YADGAROV & ASSOCIATES, PLLC, attorneys of record for Plaintiff, ***IRIS N. PEREZ***.

I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED: New York, New York
        January 24, 2022

_____
**ROBERT YADGAROV, ESQ.**